559 S.E.2d 583

**In the Matter of Pierce S. WHITE, Jr., Respondent.**

**No. 25404.**

Supreme Court of South Carolina.

Submitted Dec. 19, 2001.

Decided Jan. 28, 2002.

Henry B. Richardson, Jr., Susan M. Johnston, and Barbara M. Seymour, all of Columbia, for the Office of Disciplinary Counsel.

Pierce S. White, Jr., of Saluda, pro se.

PER CURIAM.

In this attorney disciplinary matter, respondent and Disciplinary Counsel have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR.[1] In the Agreement, respondent admits misconduct and consents to the imposition of any sanction deemed appropriate by this Court. We accept the Agreement and impose a definite suspension of two years from the practice of law. The facts as admitted in the Agreement are as follows.

### Facts

Respondent was retained to recover a $16,000 debt for Client. Respondent obtained a judgment on behalf of Client and was paid for his services. Client subsequently retained respondent to collect payments towards the judgment from the defendant. Client agreed that respondent could retain a contingency fee from each payment, and forward the balance to him. In 1997, respondent collected funds from the defendant, and forwarded the net proceeds to Client in a timely manner. However, from 1998 through 2000, defendant continued to make payments on the judgment, but respondent did not forward any portion of these payments to Client. Respondent admits that he misappropriated approximately $14,400

---

1. Respondent was placed on interim suspension by order of this Court dated May 3, 2000. *In the Matter of White*, 340 S.C. 290, 531 S.E.2d 907 (2000).

for his own purposes, and that he failed to maintain accurate financial records of these transactions.

Respondent also failed to maintain a trust account separate from his personal and operating bank account. Further, from January 1997 until May 2000, respondent's bank account had a negative balance on 136 separate occasions. During the same time period, 43 checks were returned to respondent's bank because his account contained insufficient funds.

### *Law*

■ By his conduct, respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.15 (failure to safeguard client documents); Rule 8.4(d) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (conduct prejudicial to the administration of justice). Respondent has also violated Rule 417, SCACR, by failing to maintain financial records.

Respondent has also violated the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violating the Rules of Professional Conduct); Rule 7(a)(5) (engaging in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law); and Rule 7(a)(6) (violating the oath of office taken upon admission to practice law in this state).

### *Conclusion*

■ Respondent has fully acknowledged that his actions in the aforementioned matters were in violation of the Rules of Professional Conduct and the Rules for Lawyer Disciplinary Enforcement. We therefore suspend respondent from the practice of law for two years. This suspension is not retroactive to the date of respondent's interim suspension. Prior to petitioning for reinstatement to the practice of law, respondent must provide satisfactory evidence to the Office of Disciplinary Counsel that he has repaid the Lawyer's Fund for Client Protection. Within fifteen days of the date of this opinion, respondent shall file an affidavit with the Clerk of

Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**DEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.